[No. 27468-6-I.   Division One.   March 8, 1993.]

*In the Matter of the Marriage of* LAURA LELIA STERN, *Respondent, and* HAROLD LOYD SINGLETON, *Appellant.*

*Harold Loyd Singleton,* pro se.

*Jaclyn R. Sinclair* and *Stiltner, Sinclair, Clement & Foster,* for respondent.

GROSSE, J. — This appeal stems from a child support modification proceeding. The appellant, Harold Loyd Singleton, appeals from an order modifying his child support obligation. We reverse the trial court modification order and remand.

Singleton married the respondent, Laura Lelia Stern, on August 4, 1980. The parties have two daughters born of the marriage, now ages 9 and 11. A decree of dissolution dissolving the parties' marriage was entered on September 9, 1986. Under the terms of the divorce decree, the parties shared joint custody of the children, and Singleton was ordered to pay $30 per month to Stern in child support. The decree of dissolution has subsequently been the subject of much litigation between the parties.

The custody and child support provisions of the decree were initially modified in a 1988 modification proceeding initiated by Stern. After a 5-day trial, the court awarded residential custody to Stern and ordered Singleton to pay $350 per month in child support and 59 percent of the children's extraordinary expenses, including private school tuition. Singleton successfully appealed that portion of the modification order requiring him to share the expense of private tuition. *In re Marriage of Stern,* 57 Wn. App. 707, 789 P.2d 807, *review denied,* 115 Wn.2d 1013 (1990). This court held Singleton was not obligated to share that expense. The case was remanded to determine an award of attorney fees and costs, and the trial court awarded Stern attorney fees and costs in the amount of $11,156.02.

The 1988 modification order provided Singleton would pay 59 percent of day-care expenses and Stern would pay 41 percent. This provision was revised in an agreed order filed in October 1989 and the parties agreed to arrange and pay for their own child care. Singleton is currently employed by the City of Seattle Department of Engineering as a technical writer, and Stern is employed as a nurse at Northwest Treatment Center. She also works an occasional shift at Ballard Hospital. Singleton is employed full time, and Stern works approximately 35 hours per week at Northwest Treatment Center.

On August 2, 1990, Stern filed a second petition for modification, requesting that the court increase her child support award because a substantial change in circumstances had occurred. Stern based the change in circumstances upon the then recently enacted mandatory Washington State Child Support Schedule (WSCSS),[1] increased expenses,[2] Singleton's increased resources, and Singleton's living arrangements with his girl friend, who contributes rent. In support of her petition, Stern submitted a financial affidavit, a statement from a mental health counselor, and a letter from her parents verifying a $20,000 loan to her for litigation expenses.

After a trial by affidavit, the court entered an amended order modifying decree of dissolution nunc pro tunc. The order provided that Singleton's total child support obligation would be increased to $543.67, that health insurance would be provided by both parties, and that uninsured health care expenses, counseling, and disability education would be divided between the parties proportionate to their income: 59 percent allocated to Singleton and 41 percent to Stern.

---

[1]Washington State Child Support Schedule Comm'n, Washington State Child Support Schedule (Sept. 1990).

[2]Among the additional expenses Stern incurred was a $400 increase in rent and added expenses relating to the children. One of the parties' daughters suffers from a learning disability and requires remedial classes. In addition, both children are in counseling.

The order calculated child support based upon the parties' actual gross income from the 6 months preceding the petition for modification. Income tax was figured based upon the average tax paid as reflected in the parties' 1988 and 1989 income tax returns. The order did not take into account any payments from third parties, nor did it impute income to Stern beyond her average schedule of employment. In calculating support based upon the guidelines, the court also declined to apply a child care credit to the support obligation, reasoning that the parties' 1989 agreed order was the law of the case and superseded the WSCSS. Additionally, the court awarded Stern $500 in attorney fees. No written findings of fact or conclusions of law were entered in connection with the order. Singleton's motion for reconsideration was denied.

Singleton filed a notice of appeal, assigning as error the trial court's failure to enter written findings. Stern requested this court to extend the deadline for her brief, allowing her time to prepare a motion to permit the trial court to enter findings of fact and conclusions of law. The motion requesting permission to enter findings was granted, and Singleton's motion to modify the ruling was denied by a panel of this court. The trial court entered written findings and conclusions on September 6, 1991, pursuant to a hearing based upon Stern's CR 60(b) motion. Singleton was allowed to strike his original brief and submit a new one addressing the additional issues raised by the trial court's entry of findings. Singleton appeals the trial court's amended order of modification and its belated entry of findings and conclusions.

■ Singleton alleges that the trial court was without authority to enter findings 10 months after judgment had been entered. Under CR 52(a)(2)(B), findings of fact and conclusions of law must be entered in connection with all dissolution proceedings. Additionally, under *In re Marriage of Lee*, 57 Wn. App. 268, 788 P.2d 564 (1990), a modification of support requires a showing of changed circumstances supported by the entry of specific findings and conclusions. An absence of findings and conclusions in the record on

appeal requires reversal and remand. *Lee*, 57 Wn. App. at 272-73.

RAP 7.2(e) allows the appellate court to authorize the trial court to consider postjudgment motions authorized by the civil rules.[3] The trial court based its order on CR 60(b)(1), which authorizes a trial court to relieve a party from judgment by reason of

> [m]istakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order[.]

■■ A trial court's CR 60(b) ruling will be upheld on appeal unless the trial court has abused its discretion. *In re Marriage of Tang*, 57 Wn. App. 648, 653, 789 P.2d 118 (1990). We find that the trial court did not abuse its discretion under CR 60, but the relief is more appropriately granted under CR 60(a), which provides corrections for:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative . . ..

A distinction exists between a clerical error, which may be corrected under CR 60(a), and a judicial error, which may not. A clerical error is a "mistake or omission mechanical in nature which is apparent on the record and which does not involve a legal decision or judgment by an attorney." *In re Marriage of King*, 66 Wn. App. 134, 138, 831 P.2d 1094 (1992). A judicial error is an error of substance. *See King*, 66 Wn. App. at 138. Here, the trial court's failure to enter findings is not an error of substance, but an inadvertent oversight. As the Ninth Circuit observed, construing the substantially identical Fed. R. Civ. P. 60(a), a trial court's inadvertence in failing to memorialize part of its decision does not alter or amend the judgment. Rather, it is a clerical error of omission correctable under CR 60(a). *See Hasbrouck*

---

[3]RAP 7.2(e) provides:

"The trial court has authority to hear and determine (1) postjudgment motions authorized by the civil rules, the criminal rules, or statutes, and (2) actions to change or modify a decision that is subject to modification by the court that initially made the decision. The postjudgment motion or action shall first be heard by the trial court, which shall decide the matter."

*v. Texaco, Inc.*, 879 F.2d 632, 636 (9th Cir. 1989) (allowing trial court to clarify judgment that inadvertently omitted costs of trial and interest rate). Similarly, in this case, the omission of findings was not an error of substance. The order of modification in this case was not vacated or modified; it was properly clarified with supporting findings. Consequently, the trial court did not err in allowing the belated entry of findings.

Singleton also contends the trial court erred by entering findings of fact that are not supported by the evidence. In response, Stern asserts that any errors or omissions in the findings are of no moment because this court should review the record de novo, and such a review will sustain the trial court order in this case.

■ We find the standard of review for modification proceedings misconstrued by previous decisions. Generally, findings of fact will not be overturned if they are supported by substantial evidence. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 819, 828 P.2d 549 (1992). Yet case precedent suggests that when reviewing a support modification proceeding, the reviewing court may independently consider the record de novo because it is a trial by affidavit. *In re Marriage of Hunter*, 52 Wn. App. 265, 268, 758 P.2d 1019 (1988), *review denied*, 112 Wn.2d 1006 (1989); *accord, In re Marriage of Jarvis*, 58 Wn. App. 342, 346, 792 P.2d 1259 (1990). The authority cited by *Hunter* for this proposition does not necessarily support such a conclusion within the context of a trial by affidavit calendar.[4] It is illogical to state that we conduct exactly the same review as the trial court when we also require the trial court to enter findings of fact and conclusions of law. *See* CR 52(a)(2)(B). In addition, the trial court below has the benefit of oral argument to clarify conflicts in the record. It is consequently in a better position than the

---

[4]*In re Estate of Nelson*, 85 Wn.2d 602, 605, 537 P.2d 765 (1975) (reviewing probate proceeding); *Western Nat'l Assur. Co. v. Hecker*, 43 Wn. App. 816, 823, 719 P.2d 954 (1986) (reviewing declaratory judgment hearing based on pleadings and depositions); *Carlson v. Bellevue*, 73 Wn.2d 41, 48, 435 P.2d 957 (1968) (reviewing written record of administrative proceeding).

reviewing court to balance and assess discrepancies, resolve conflicts, and determine an equitable method for determining income and deductions. Moreover, concerns of judicial economy prevent an exhaustive appellate review of each detail of every support modification. Therefore, the proper standard of review is whether the findings are supported by substantial evidence and whether the trial court has made an error of law that may be corrected upon appeal.[5]

Singleton claims that if the trial court incorrectly calculated his child support obligation in the modification decree, he is entitled to a credit against future child support payments based upon the excess additional child support he has been required to pay during the pendency of this appeal.[6]

In support of this contention, Singleton relies on *In re Marriage of Hardt*, 39 Wn. App. 493, 693 P.2d 1386 (1985) and *In re Marriage of Ortiz*, 45 Wn. App. 908, 728 P.2d 1061 (1986), *rev'd*, 108 Wn.2d 643, 740 P.2d 843 (1987). Singleton's reliance is misplaced, however. In *Hardt*, a father was permitted to be reimbursed for child support payments because the dissolution decree authorizing the payments was void. *Hardt* is distinguishable from the instant case in

---

[5]This result is not inconsistent with *In re Rosier*, 105 Wn.2d 606, 616, 717 P.2d 1353 (1986), wherein the Supreme Court stated:

Because the record on appeal is identical to that considered by the trial court, we are not bound by the trial court's findings of fact.

As in *Rosier*, the reviewing court will not be bound by findings that are unsupported by substantial evidence. In addition, *Rosier* involved administrative law and constitutional issues that invoke an independent body of statutes and common law, allowing the appellate court more flexibility in interpreting facts. Such proceedings are distinguishable from trials by affidavits.

De novo review of summary judgment motions is also distinguishable; the trial court does not evaluate and balance the evidence but must view all evidence in the light most favorable to the nonmoving party. The trial court is entirely precluded from resolving material issues of fact. It is well established that in summary judgment proceedings the trial court need not even enter findings and conclusions; they are superfluous and are not considered on appeal. *See, e.g., Duckworth v. Bonney Lk.*, 91 Wn.2d 19, 586 P.2d 860 (1978). Here, the trial court is required by CR 52(a)(2)(B) to enter written findings and conclusions, and we are not free to disregard them.

[6]We find that the trial court did err in the support calculations and reverse and remand. That portion of the opinion, however, does not warrant publication.

which the child support payments were made pursuant to a valid decree and judgment.[7] In *Ortiz*, the Court of Appeals found that an automatic escalation clause in a decree was void and permitted the father in that case to be reimbursed the excess amount of child support payments that had been garnished from his wages by the Department of Social and Health Services. However, the Court of Appeals decision in *Ortiz* was reversed by the Washington Supreme Court in *In re Marriage of Ortiz*, 108 Wn.2d 643, 740 P.2d 843 (1987). The Supreme Court held that the support decree was voidable only, therefore no right to reimbursement arose and Mr. Ortiz' remedy was limited to modification of the decree for future obligations. *Ortiz* does not support Singleton's contention that he has a right of reimbursement for excess payments of child support during the pendency of an appeal.

Research has not disclosed any Washington cases addressing the issue of excess support paid during the pendency of the appellate process. The courts of this state have consistently held that child support installments become vested judgments as they become due and may not be retrospectively modified. *Schafer v. Schafer*, 95 Wn.2d 78, 80, 621 P.2d 721 (1980); *Martin v. Martin*, 59 Wn.2d 468, 472, 368 P.2d 170 (1962); *see also Koon v. Koon*, 50 Wn.2d 577, 579, 313 P.2d 369 (1957) and cases cited therein. These cases generally address a circumstance in which the trial court attempts to modify or cancel past-due and owing child support in a subsequent modification decree. Such a situation is distinguishable from payments made during the pendency of an appeal.

We note at the outset that RAP 8.1(b)(1) and RAP 8.1(f) provide a remedy at law for relief from the trial court judgment during the pendency of the appeal. This provision

---

[7]Singleton also contends that just as RCW 74.04.300 requires recipients of public assistance to repay payments improperly received, so should Stern repay the excess child support allegedly received on fraudulent grounds. We do not find this reasoning persuasive in light of the unique nature of dissolution proceedings and child support issues.

allows an appellant to stay enforcement of a trial court judgment by posting a supersedeas bond; the stay is granted at the trial court's discretion. Singleton did not pursue this remedy in the court below. However, RAP 8.1 does not provide the sole remedy for relief from judgment. When an unsuperseded judgment is reversed, RAP 12.8 provides:

> If a party has voluntarily or involuntarily partially or wholly satisfied a trial court decision which is modified by the appellate court, the trial court shall enter orders and authorize the issuance of process appropriate to restore to the party any property taken from that party, or the value of the property. An interest in property acquired by a purchaser in good faith, under a decision subsequently reversed or modified, shall not be affected by the reversal or modification of that decision.

This rule is based upon common law principles of restitution that allow a person who has conferred a benefit on another to recoup that benefit to avoid unjust enrichment. *State v. A.N.W. Seed Corp.*, 116 Wn.2d 39, 802 P.2d 1353 (1991). The Restatement of Restitution clarifies the common law principle underlying the rule:

> A person who has conferred a benefit upon another in compliance with a judgment, or whose property has been taken thereunder, is entitled to restitution if the judgment is reversed or set aside, unless restitution would be inequitable or the parties contract that payment is to be final; if the judgment is modified, there is a right to restitution of the excess.

Restatement of Restitution § 74 (1937). Comment *c* further provides:

> [A]n independent action for restitution is equitable in nature and in such an action, as in summary proceedings, the court can act in the protection of the interests of both parties in special situations in which this is desirable. . . . [T]he court can properly refuse restitution if a bond to secure repayment is executed to protect the payor or if restitution would involve substantial hardship or expense[.]

Restatement of Restitution § 74, comment *c* (1937). The general equitable principle of restitution thus interplays with an exception applicable in cases of hardship. The application of these principles to the reversal of child support judgments was explored by the Maryland Court of Special Appeals in

*Rand v. Rand*, 40 Md. App. 550, 392 A.2d 1149 (1978).[8] The *Rand* court recognized the right to support arises from public policy considerations, and therefore child support judgments are inherently different from ordinary judgments arising out of private claims. *Rand*, 40 Md. App. at 554. Accordingly, the court refused to recognize an unconditional right of total recoupment after the reversal of a trial court judgment for child support. The court did, however, acknowledge a limited right to reimbursement:

> [T]he power of a court to order or permit recoupment should not be denied. But to the extent that such overpayments have been properly expended for the child's support in reliance on the court order, *and* neither they nor their equivalent are available for repayment, the *entitlement* to recoupment would, of necessity, entail a reduction in the amount of future support below even that which the appellate court itself, or the trial court . . . has found necessary. . . .
>
> Whether, and to what extent, the receiving parent in fact used the "overpayment" for the support of the child and has the funds from which to permit a proper recoupment without depriving the child, is a determination that must necessarily be made by the trial court, exercising its discretion upon the relevant evidence before it.

*Rand*, 40 Md. App. at 555.

We find the reasoning of *Rand* persuasive and consistent with the equitable nature of common law restitution principles underlying RAP 12.8. Therefore, under RAP 12.8, the trial court may authorize relief subsequent to appellate reversal and modification of a trial court support order. The court should take into account the amount of the excess payments, whether the payments have already been spent in support of the child, and whether the sum is readily available for restitution without causing undue hardship upon the receiving parent or the child. Further, as this remedy is equitable in nature, the trial court should also consider the availability of a legal remedy under RAP 8.1.

---

[8]The *Rand* court was similarly presented with a father who had initially been ordered to pay $480 in child support by the trial court, which order was reduced on appeal to $325. The father had made the $480 payment for 16 months and sought complete recoupment of the excess payments.

The trial court may then exercise its discretion on the issue of excess payments.

We reverse the judgment of the trial court and remand for proceedings consistent with this opinion. The remainder of this opinion does not warrant publication and will be filed for public record.

FORREST and AGID, JJ., concur.