# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Marriage of: | No. 56696-6-II |
| PATRICIA VIOLA LAWR, | |
| Respondent, | |
| v. | |
| MICHAEL WAYNE LAWR, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J. — Michael W. Lawr appeals the trial court's order modifying his maintenance obligation to his former spouse, Patricia V. Lawr. Michael[1] argues that the trial court was required to enter findings of fact and conclusions of law when entering its order. Because the trial court's order included findings of fact and conclusions of law, we affirm.

## FACTS

In 2016, the parties divorced after over 30 years of marriage. The parties owned a dental practice where Michael was a dentist and Patricia was a dental hygienist. In its final dissolution orders, the trial court ordered Michael to pay Patricia $5,750 per month in maintenance for life or until Patricia remarried.

In May 2020, Michael filed a petition to modify the maintenance amount based on his inability to work due to the State of Washington's COVID-19 restrictions on dental offices. In

---

[1] We use the parties' first names for clarity and intend no disrespect.

June, he sold his practice and retired. Michael stopped making maintenance payments. Patricia filed a motion for contempt for Michael's failure to make his payments.

Following a hearing on the parties' motions, the trial court filed a memorandum decision, finding that it was reasonable for Michael to retire based on the health risk from the pandemic. But the court found that Michael's failure to pay maintenance from June 2020 through November 2021 was willful and in bad faith. The court modified his maintenance obligation downward from $5,750 per month to $2,080 per month for the time period of June 2020 through November 2021. The court further reduced Michael's monthly support obligation to $680 per month from December 2021 until Patricia's death or remarriage. Based on the court's finding that Michael acted in bad faith in not making his payments, the court imposed a penalty of $100 per month for the time period of June 2020 through November 2021.

On January 18, 2022, both parties appeared at a hearing for the presentation of the final orders. Michael presented a document entitled, "Final Order and Findings on Petition to Modify Spousal Support Order," which the trial court signed  Clerk's Papers (CP) at 236-38. Under "Findings & Conclusions," the court found that the monthly maintenance payment should be modified based on a substantial change in circumstances due to Michael's "unanticipated retirement and the increase in annual earnings of Patricia." CP at 237 (emphasis omitted). The court also found that the end date for maintenance should not be changed because there were "no valid reasons to change it." CP at 237. The court ordered Michael to pay $35,360 in back maintenance, $1,700 in late charges, and $680 per month going forward until Patricia's death or remarriage.

Michael filed a notice of appeal, appealing the trial court's "Final Order and Findings on Petition to Modify Spousal Support Order."[2]

## ANALYSIS

### I.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

Michael contends that the trial court erred by not entering findings of fact and conclusions of law after modifying its maintenance order.  We disagree.

Generally, under CR 52(a)(2)(B), findings of fact and conclusions of law must be entered in connection with dissolution proceedings.  *In re Adoption of M.J.W.*, 8 Wn. App. 2d 906, 924-25, 438 P.3d 1244 (2019).  "An absence of findings and conclusions in the record on appeal requires reversal and remand."  *In re Marriage of Stern*, 68 Wn. App. 922, 926, 846 P.2d 1387 (1993).

Here, the trial court entered a "Final Order and Findings on Petition to Modify Spousal Support Order."  Under "Findings & Conclusions" in the order, the court specifically found that the monthly maintenance payment should be modified based on a change in circumstances due to Michael's unanticipated retirement and the increase in annual earnings of Patricia.  The court concluded that Michael owed back support for stopping payments, but reduced his monthly payment from $5,750 per month to $2,080 per month for the time period of June 2020 through November 2021 and then reduced it further from December 2022 to $680 per month for life or

---

[2] Michael also designated in his notice of appeal a January 24, 2022 contempt order, but he fails to make any arguments specific to this order in his opening brief.  Only issues raised in the assignments of error and argued to the appellate court are considered on appeal.  RAP 10.3(a)(4), (6); *Weyerhaeuser Co. v. Com. Union Ins. Co.*, 142 Wn.2d 654, 693, 15 P.3d 115 (2000).  While Michael discusses the contempt order in his reply brief, "[a]n issue raised and argued for the first time in a reply brief is too late to warrant consideration."  *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

until Patricia remarries. While Michael argues that the court failed to entered findings of fact and conclusions of law, our record shows differently. Therefore, Michael's argument is without merit.[3]

II.    ATTORNEY FEES

Both parties request attorney fees. Under RAP 18.1(b) a party requesting attorney fees must do so in a separate section of his or her opening brief. Moreover, the party must provide applicable law and argument in support of his or her request for attorney fees. RAP 18.1(a); RAP 10.3(a)(6).

Michael requested attorney fees in the last sentence of his opening brief. He failed to devote a separate section to his request, and failed to provide any law or factual support for his request. Accordingly, we deny Michael's request for attorney fees.

Patricia devoted a separate section to her request, arguing that she is entitled to attorney fees on the basis that the appeal is frivolous under RAP 18.9. We may grant an award of attorney fees to a prevailing respondent in a frivolous appeal. *Mahoney v. Shinpoch*, 107 Wn.2d 679, 691, 732 P.2d 510 (1987); RAP 18.9(a). When an appeal presents no debatable issues upon which reasonable minds could differ, and lack merit such that no reasonable possibility of reversal exists, it is frivolous. *Shinpoch*, 107 Wn.2d at 691. Michael's appeal meets this standard. We, therefore, grant Patricia's request for attorney fees under RAP 18.9(a).

---

[3] To the extent Michael attempts to argue in his reply brief that the trial court did not consider the RCW 26.09.090(1) statutory factors of need and ability to pay, we again point out that a party cannot raise a new assignment of error in a reply brief. But note that the trial court specifically entered findings of fact regarding need and ability to pay in its final order. Additionally, we note that the appendix to Michael's reply brief contains a document not included in our record. Under RAP 10.3(a)(8), "An appendix may not include materials not contained in the record on review without permission from the appellate court." Therefore, we do not consider this document.

4

## CONCLUSION

We affirm the trial court's order modifying the maintenance amount awarded to Patricia.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, J.

We concur:

_____
Maxa, J.

_____
Price, J.