# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| THE STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>TOMAS SOLOMON AFEWORKI,<br><br>Appellant. | No. 86041-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — Tomas Afeworki challenges a 2023 superior court order amending a clerical error in his 2005 judgment and sentence. Because the superior court did not abuse its discretion in amending the judgment and sentence to correct the clerical error, and Afeworki fails to show error in any other respect, we affirm.

I

This appeal arises from a criminal action the State filed in 2005, in which Tomas Afeworki was convicted of felonies consisting of one count of first degree burglary and three counts of unlawful imprisonment, and gross misdemeanors for three counts of fourth degree assault. On October 19, 2005, the superior court entered two judgments, sentencing Afeworki to terms of confinement on all counts, totaling six years and three months. The State has represented to this court that Afeworki has served his sentence.

Between March and May 2023, Afeworki filed seven motions in the superior court challenging his 2005 felony judgment and seeking other relief. This appeal concerns the first of Afeworki's motions, a motion for relief from judgment under CrR 7.8. As Afeworki explains, the 2005 felony judgment and sentence included in its calculation of his offender score a 2003 conviction for violation of Washington's Uniform Controlled Substances Act (VUCSA), chapter 69.50 RCW, in Snohomish County. Afeworki asserts that he did not have a VUCSA conviction *in Snohomish County*, and argues the sentencing court improperly failed to cite any records from the trial when it included the VUCSA conviction in his criminal history.

In response to Afeworki's motion, the State showed that the 2003 VUCSA conviction, on which it relied in advance of sentencing starting at least in its October 10, 2005 statement of criminal history, was Afeworki's 2003 VUCSA conviction *in King County*. The State further showed the record at sentencing included a certified copy of the conviction naming King County. The State denied that Afeworki's motion justified relief on collateral attack, but maintained the court should enter an order correcting the scrivener's error that misidentified the county of conviction in the judgment and sentence. On June 30, 2023, the superior court entered rulings on all of Afeworki's pending motions, but the only ruling Afeworki challenges in this appeal is the ruling amending the 2005 judgment and sentence nunc pro tunc to show that the 2003 VUCSA conviction occurred in King County.

On appeal, Afeworki argues the superior court erred by entering this order and asks us to reverse and remand for an evidentiary hearing, vacatur of the 2005 judgment and sentence, and resentencing.

II

Afeworki first argues that the superior court lacked authority to enter its corrective order because the order did not correct a clerical error within the meaning of CrR 7.8(a), and instead improperly corrected a judicial error. We disagree.

We review a challenge to the authority of the superior court de novo. State v. Bogart, 30 Wn. App. 2d 752, 757, 546 P.3d 526, review denied, 3 Wn.3d 1017, 554 P.3d 1231 (2024). We review a superior court's CrR 7.8(a) correction of a clerical error for abuse of discretion. Id. at 757-58 (citing State v. Crawford, 164 Wn. App. 617, 621, 267 P.3d 365 (2011)). Under CrR 7.8(a), courts may correct "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission" at any time. A distinction exists between clerical errors, which may be corrected under this rule, and judicial errors, which may not. Bogart, 30 Wn. App. 2d at 761 (citing In re Marriage of Stern, 68 Wn. App. 922, 927, 846 P.2d 1387 (1993)). "In deciding whether an error is 'judicial' or 'clerical,' a reviewing court must ask itself whether the judgment, as amended, embodies the trial court's intention, as expressed in the record at trial. If the answer to that question is yes, it logically follows that the error is clerical." Presidential Ests. Apartment Assocs. v. Barrett, 129 Wn.2d 320, 326, 917 P.2d 100 (1996) (internal citation omitted).

The error in the judgment and sentence misidentifying the county in which the 2003 VUCSA conviction occurred was a clerical error subject to correction under CrR 7.8(a). This is clear from the supporting record at sentencing that the State provided, showing that the only 2003 VUCSA conviction on which it relied was the King County conviction. The original judgment and sentence included the 2003 VUCSA conviction in Afeworki's criminal history, merely misidentifying the county in which it occurred. The amended judgment and sentence properly expressed the intent of the 2005 sentencing court. The trial court did not abuse its discretion by correcting the clerical error in its corrective order.

III

Afeworki next argues that the superior court erred in entering the corrective order because it went outside the trial record. However, the State was entitled to prove Afeworki's criminal history at sentencing pursuant to RCW 9.94A.500(1) ("A criminal history summary relating to the defendant from the prosecuting authority or from a state, federal, or foreign governmental agency shall be prima facie evidence of the existence and validity of the convictions listed therein."). Proving Afeworki's 2003 VUCSA conviction in King County by offering a certified copy of the conviction was an appropriate means of proof. In the Matter of Pers. Restraint of Adolph, 170 Wn.2d 556, 568, 243 P.3d 540 (2010) ("[T]he best method of proving a prior conviction is by the production of a certified copy of the judgment."). The trial court did not improperly go beyond the trial court record, and an evidentiary hearing is not necessary.

4

IV

Afeworki last argues that the superior court erred in entering the corrective order because his 2003 VUCSA conviction had been rendered unconstitutional under State v. Blake, 197 Wn.2d 170, 481 P.3d 521 (2021). However, Afeworki did not argue this to the superior court, and whether Afeworki is entitled to relief under Blake is unaffected by the correction of the clerical error in the 2005 judgment and sentence. Therefore, Blake does not mean that the superior court erred by correcting it. We note the State filed a statement in this court attaching a King County Superior Court order vacating and dismissing judgment and sentence for Afeworki's 2003 VUCSA conviction under Blake in 2022, before he made the instant motion in superior court. Afeworki fails to show that the June 30, 2023 order amending the 2005 judgment and sentence was error.

V

The parties make a variety of additional arguments. Afeworki characterizes his above claims of error as constitutional ones, repeatedly arguing that the superior court's correction of the clerical error violated the Fourteenth Amendment and the Washington Constitution. But Afeworki fails to show error in the correction of the clerical error, constitutional or otherwise. Because he has long since served his sentence under the judgment that was corrected, it is not clear that Afeworki's rights have been affected by the challenged order. The State also challenges the appealability of the order, pointing out it is not a final judgment. However, the State neglects to address other provisions of RAP 2.2, which allow appeal of certain

orders denying a motion to vacate a judgment. RAP 2.2(a)(9-10). We are not satisfied that review is inappropriate.

Finally, Afeworki has filed a series of motions in this court awaiting decision and referred to the panel. These include: motion to compel trial court judge to sign order for motion for indigency, motion for order directing the State to follow Washington State Supreme Court directive and for sanctions, motion for client file, motions requesting rulings on pending motions, motion requesting status update on pending motions, motion requesting records, motion requesting records and client file, motion to supplement the record on appeal, and motion to stay. The recurring theme in Afeworki's motions is that he needs his client file from the 2005 convictions to fully explore the issue of the clerical error. We disagree. The correction expresses the clear intent of the sentencing court based on the record at sentencing. Having reached the merits and determined that Afeworki fails to justify any appellate relief and that no further examination of the requested records is necessary, we deny Afeworki's pending motions.

Affirmed.

_Birk, J._

WE CONCUR:

_Coburn, J._        _Brennan, J._