
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Domestic Violence Protection Order for | ) ) ) ) | No. 40294-1-III |
| JANET ALVAREZ. | ) ) ) | UNPUBLISHED OPINION |

MURPHY, J. — Janet Alvarez claims the superior court abused its discretion when it amended a renewed domestic violence protection order she had obtained against her former husband, Ramiro Alvarez.[1] We disagree and affirm.

## FACTS

On November 9, 2023, Janet filed a motion for renewal of a domestic violence protection order she had obtained against her former husband, Ramiro. Janet's motion started with the basis that: "The *Protection Order* granted on (date) 11/14/22, will expire on (date) 11/14/[23]." Clerk's Papers (CP) at 1. Janet noted in her motion that she wanted the renewed order to stay in place "permanently." CP at 1. Janet's accompanying declaration in support of the motion requested that renewal of the protection order occur for the "maximum period allowed by law" and detailed ongoing occurrences of unwanted

---

[1] Because Janet Alvarez and Ramiro Alvarez share the same last name, for ease of readability we refer to them by their first names only. No disrespect is intended.

communication and contact with and by the restrained party, Ramiro. CP at 2. Ramiro

submitted a declaration that denied and challenged Janet's allegations, requesting the

court deny the requested protection order renewal.

The hearing on the renewal request occurred on November 21, 2023. Janet and her

counsel appeared in person. Ramiro and his counsel appeared via a video conferencing

platform. Through counsel, both parties presented arguments on the merits of Janet's

motion for renewal. Neither party argued, addressed, or raised the duration of the

protection order as to the anticipated expiration date. The superior court ultimately

granted the motion for renewal.[2] In crafting the order for renewal, the court reviewed

Janet's proposed order. The court discussed amending the proposed order to be consistent

with the parties' family law order, filed in a separate case, that had agreed upon

modifications particular to the exchange of the parties' children. The court invited

counsels' input on drafting language such that the court's order would not confuse law

---

[2] The superior court found that Janet had shown by a preponderance of the evidence that she remained at risk and unwanted contact had occurred. This is a different way of framing the legal standard that Janet bears no burden to prove that she has a current reasonable fear of harm by Ramiro, and Ramiro did not prove by a preponderance of evidence that there had been a substantial change in circumstance demonstrating he would not resume acts of domestic violence against Janet, as required by RCW 7.105.405.

enforcement if law enforcement was called upon to enforce the protection order and concurrently reviewed the family law orders.

Nowhere within the body of the order renewing the protection order is there a paragraph or line detailing the expiration date. Rather, within the caption of the renewal order, below a line about "Clerk's action required" is the designation: "Renewal Expires: 11/21/2122." CP at 21 (boldface omitted).

On December 22, 2023, Ramiro filed a motion to clarify the protection order relative to its termination date. Ramiro's statement of facts in support of his request included that at the November 21, 2023, hearing, "[t]he court did not make any specific findings regarding extending the Protection Order beyond one year." CP at 26.

Janet opposed the motion and submitted her own declaration, noting that her motion for renewal of the protection order "asked that the order be permanent, which by statute means 99 years." CP at 28. Janet cited RCW 7.105.310(5), which "indicates permanent means for 99 years" and that "under RCW 7.105.405(8) the court can make the renewal permanent." CP at 28-29. She argued that Ramiro had the opportunity to address "all issues" at the previous hearing. CP at 29. Janet objected to "needing to have my attorney spend more time and my having to appear over two months later when the order is clear," and requested an award of attorney fees. CP at 29.

Following a hearing that occurred on February 6, 2024,[3] the superior court entered an amended order renewing the domestic violence protection order with an expiration date for one year: "11/21/2024." CP at 30. The amended order identified that the "initial" hearing was held on November 21, 2023, with "Other" marked and it is handwritten that "The Respondent [Ramiro] brought motion on 2/6/24 that was heard on that date [2/6/24]." CP at 30. Under "Findings" it is handwritten that "[a] permanent order of 99 years was not argued, this court did not have intentions of issuing a 99 year order. The signing of the previous order was an oversight." CP at 31.

Janet now appeals.

## ANALYSIS

On appeal, Janet argues the court erred in (1) granting Ramiro's motion to clarify the expiration date of the domestic violence protection order, (2) changing the expiration date from 99 years to 1 year, and (3) not granting attorney fees for Janet having to respond to Ramiro's motion. Ramiro did not submit any briefing or otherwise participate in this appeal.

RCW 7.105.365 allows the superior court, after the issuance of a protection order, to correct clerical or technical errors in the order at any time. "The court may correct

---

[3] The report of proceedings from the February 6, 2024, hearing is not part of the record on review.

errors either on the court's own initiative or upon notice to the court of an error."

RCW 7.105.365.

We review a trial court's decision to correct a clerical mistake under CR 60(a) for

abuse of discretion. *In re Marriage of Stern*, 68 Wn. App. 922, 927, 846 P.2d 1387

(1993). A trial court abuses its discretion when its decision is manifestly unreasonable,

based on untenable grounds, or made for untenable reasons. *In re Marriage of Littlefield*,

133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997). We review de novo questions of law,

including the interpretation of statutes and court rules. *In re Marriage of Sprute*, 186 Wn.

App. 342, 349, 344 P.3d 730 (2015).

Under CR 60(a), a court may correct clerical mistakes in judgments, orders or

other parts of the record that are the result of an oversight or omission. A clerical mistake

is one that, when corrected, accurately reflects the court's original intent at the time the

order was entered. *Presidential Estates Apartment Assocs. v. Barrett*, 129 Wn.2d 320,

326, 917 P.2d 100 (1996). In contrast, a judicial error involves a mistake in the court's

reasoning or decision-making process, which cannot be corrected under CR 60(a). *Id*.

To determine whether an error is clerical, we examine whether the corrected order aligns

with the court's intent at the time of the original order. *Id*.

The first line of the motion for renewal of the protection order identifies that the

subject protection order being sought for renewal was an order that had previously been

granted for one year. Specifically, the protection order granted on "11/14/22, will expire on (date) 11/14/[23]." CP at 1. Thereafter, in the renewal request, Janet asked that the renewal order stay in place "permanently" with Janet declaring her request that the order be renewed "for the maximum period allowed by law." CP at 1-2. If a permanent renewal order was Janet's request, a reasonable expectation is that this issue would be raised at the hearing for argument to be considered by the court. It is reasonable that a judge coming onto the bench reasonably considered that what was being renewed was the one-year protection order, which was the order that was in place, and if the petitioner wanted a different duration, then the petitioner would raise this request with the court for argument and consideration. The lack of discussion regarding the order's duration at the November 21 hearing suggests that the 99-year term was an oversight rather than a deliberate decision.

Consistent with Janet's request that the renewed protection order have the duration of the maximum period allowed by law, Janet's proposed order, which was utilized by the court, set forth an expiration date 99 years from the date of issuance, which the court shall enter when it determines a protection order is to be permanent pursuant to RCW 7.105.310(5). The form for the order renewing protection order does not have within the body of the order a specified paragraph about an expiration date. Rather, to know the duration of the order, the only location this information is found is within the

caption. The last line of information within the caption, even below the line about what actions are required to be taken by the clerk, is the date that the order will expire. It is understandable that "Renewal Expires: 11/21/2122" could be overlooked by a court, a court that came on the bench understanding that the request was for renewal of a one-year order, especially when the issue of the order's duration was not raised by counsel and the focus of the hearing was on the merits of the renewal. CP at 21.

Ramiro's motion to clarify the civil protection order termination date is consistent with the requirement that the court be notified of a clerical or technical error pursuant to RCW 7.105.365. Janet objected to Ramiro's motion to clarify, styling her declaration as an "Opposition to Modification." CP at 28. On appeal, Janet argues Ramiro's motion for clarification was a veiled motion for modification under RCW 7.105.500. Br. of Appellant at 12-13. We do not find that Ramiro's motion for clarification of the renewal of the protection order was anything more than that: a motion for clarification of the order's duration.

At the hearing on Ramiro's request for clarification, the superior court issued an amended order renewing the protection order, and with it noted under the "Findings" paragraph that "[a] permanent order of 99 years was not argued, this court did not have intentions of issuing a 99 year order. The signing of the previous order was an oversight." CP at 30-31. The action of the court in correcting the clerical or technical error is

consistent with its authority under RCW 7.105.365 and CR 60(a), and is consistent with the record from the initial hearing for the protection order renewal that the intent of the court was to renew the protection order that had been issued for one year.

The court's correction of the renewed protection order to a one-year duration under CR 60(a) reflects its original intent, as articulated at the clarification hearing, and is supported by the record. Therefore, the correction was within the superior court's discretion and does not constitute an impermissible correction of a judicial error. Rather, this was a correction of a clerical error that did not change the court's original intent.

*Denial of request for attorney fees and costs*

Janet argues on appeal that the superior court erred in denying her request for attorney fees and costs. Under RCW 7.105.310(1)(j), the court has broad discretion to require a respondent to reimburse a petitioner for costs incurred, including attorney fees, in bringing an action for a civil protection order. Here, Janet was not successful in her request that the superior court decline to clarify its order. The superior court did not abuse its discretion in denying Janet's requested fees and costs associated with that motion.

APPELLATE ATTORNEY FEES AND COSTS

Janet requests this court award her attorney costs and fees on appeal pursuant to RAP 18.1 and RCW 7.105.310(1)(j). Under RAP 18.1, a party may recover attorney costs and fees on appeal if applicable law allows. As previously stated, RCW 7.105.310(1)(j)

grants superior courts discretion to award fees and costs in bringing an action for a civil protection order. "'In Washington, a prevailing party may recover attorney fees authorized by statute, equitable principles, or agreement between the parties. If such fees are allowable at trial, the prevailing party may recover fees on appeal as well.'" *Sullivan v. Schuyler*, 31 Wn. App. 2d 791, 814, 556 P.3d 157 (2024) (quoting *Landberg v. Carlson*, 108 Wn. App. 749, 758, 33 P.3d 406 (2001) (citation omitted)). Janet has not prevailed on appeal. We decline to award her fees and costs on review.

### CONCLUSION

We affirm the superior court's amended order renewing protection order.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Murphy, J.

WE CONCUR:

Staab, A.C.J.

Cooney, J.