184 P.3d 668 (2008)
Vito and Yasuko GRIECO, Respondents,
v.
Sachi T. WILSON, Appellants.
No. 59494-0-I.
Court of Appeals of Washington, Division 1.
June 2, 2008.
*669 Patricia S. Novotny, Nancy Hawkins, Seattle, for Appellants.
Catherine Wright Smith, Edwards Sieh Smith & Goodfriend PS, Cynthia B. Whitaker, Law Offices of Cynthia B. Whitaker, Seattle, for Respondents.
SCHINDLER, C.J.
¶ 1 Under RCW 26.10.032, in order to establish adequate cause to proceed in a nonparental custody action, the party seeking custody must establish that the child is not in the physical custody of one of the parents or that neither parent is a suitable custodian. In addition, RCW 26.10.032 also requires the party seeking custody to set forth specific facts that if proved would show that either the parent is unfit or placement with the parent would result in actual detriment to the child. In this nonparental custody action, the father contends the trial court erred in determining that the grandparents established adequate cause based solely on the fact that the children are not in his physical custody. Because the trial court erroneously interpreted the requirements of RCW 26.10.032, we reverse and dismiss the grandparents' request to establish nonparental custody under RCW 26.10.032.[1]
¶ 2 JoAnn Grieco and Sachi Wilson married and had two children, E.A.T.W. and E.Y.W. Their first son, E.A.T.W. was born in 1990. When their second son was born in 1995, JoAnn was diagnosed with breast cancer and underwent surgery and treatment. After the cancer returned in 2000, JoAnn underwent additional surgery and treatment. In August 2002, JoAnn and Wilson separated. Wilson moved out of the family home but continued to have contact with the boys and stayed involved in their lives. In 2003, Wilson began a relationship with a woman he had known for a number of years, Claire Ramsey.
¶ 3 In the summer of 2003, JoAnn's parents, Vito and Yasuko Grieco, moved in with JoAnn in order to take care of her while she went through cancer treatment and to help take care of the boys. According to Wilson, after JoAnn's parents moved in, he was rarely able to spend time with the boys. After JoAnn recovered from the treatment and her parents moved out, JoAnn and Wilson reached an agreement that allowed him to spend more time with the boys.
*670 ¶ 4 In September 2003, Wilson and Ramsey moved to San Diego, California. In the summer of 2004, Wilson filed for dissolution of the marriage. When JoAnn had another recurrence of cancer, Wilson decided to not pursue the dissolution. JoAnn's parents moved back in with JoAnn in order to take care of her and the boys. Thereafter, Wilson tried with limited success to make arrangements with JoAnn and her parents to spend time with the boys. In late October 2006, JoAnn died.
¶ 5 In her will, JoAnn included a specific provision stating it was her desire that her parents raise the boys and authorizing the payment of legal fees.
I understand that if my husband survives me, he would normally be the Guardian of my children. I believe that he has already abandoned my children, and it is my strong wish that he decline to have custody of my children and allow my chosen Guardians to serve. If he does not decline to serve, then it is my strong wish that the court find that he is not fit to have custody of my children, and that it is in the best interests of my children for my chosen Guardians to have custody of my children. I expressly authorize that the personal representative of my estate use funds from my estate, and the trustee of the Children's Trust use funds from the trust, to pay any legal expenses associated with carrying out my wishes in his regard.
¶ 6 To provide stability and minimal disruption after JoAnn died, Wilson agreed the boys should continue to live in the family home with JoAnn's parents. In November, Wilson prepared and signed a notarized "Authorization for Medical Care of [E.A.T.W. and E.Y.W.]" to allow the Griecos to make all medical care decisions regarding the boys. In February 2005, Wilson also signed an "Authorization for Schools and Activities," which was acknowledged by the Griecos.[2] But the authorization specifically states that it should not be construed as a relinquishment of the father's rights as a parent.
The authorization granted herein is not to be construed by the Griecos or their representatives and agents as any forfeiture or derogation of the father's parental rights to, and control of, the children, and it is not to be used by the Griecos in any judicial proceeding regarding [E.A.T.W. and/or E.Y.W.] in which the father is a party to such proceeding.
¶ 7 In February 2006, Wilson and the Griecos entered into an "Agreement Regarding the Welfare and Residential Placement of [E.A.T.W. and E.Y.W.]."[3] In the agreement, Wilson states that given the present circumstances, the children should continue to live with the grandparents. But because the parties expressly agreed that it is in the best interests of the boys to have regular contact with Wilson, the agreement addresses the means for facilitating communication with the boys and scheduling time with them, including vacations and school breaks.
¶ 8 In October 2006, the Griecos filed a petition to establish de facto parentage or, in the alternative, nonparental custody under chapter 26.10 RCW. As to nonparental custody, the petition alleged the boys were not in the physical custody of either parent and had been in the sole custody of the Griecos since the death of their mother. The petition also cites the February 2006 agreement with Wilson and stating that the parties agreed the children should live with the grandparents. The petition requests an order finding adequate cause to proceed with the nonparental custody action. The petition also requests reasonable visitation for Wilson, child support, and an award of the tax exemptions.
¶ 9 The Griecos filed a motion and declaration asking the court to find adequate cause to proceed with the nonparental custody action. The Griecos' declaration in support of the motion states that their daughter died in October 2004, Wilson moved to California in September 2002, and they have cared for the boys since July 2003. The Griecos also point to the medical and school authorizations and Wilson's 2006 agreement that the children should live with them. Wilson filed a declaration in opposition to the motion to find adequate cause, asserting his parental rights *671 to the boys. Wilson states that after JoAnn died, he agreed the boys should continue to live with their grandparents for a while but not permanently.
¶ 10 A hearing on the Griecos' motion to find adequate cause was held before a superior court commissioner in January 2007. The commissioner found that the Griecos established adequate cause for the nonparental custody action "based on the fact that the children are in the physical custody of the grandparents and have been for a few years and it would be detrimental to remove them from the grandparents' care." The commissioner scheduled a trial for September 10.
¶ 11 Wilson filed a motion to revise the commissioner's decision. In opposition, the Griecos argued that the fact that the children were not in the physical custody of the father was sufficient to establish adequate cause for trial.
The children are not in the physical custody of either parent, which alone is sufficient adequate cause for the third party custody action to go forward. In addition, however, the petitioners have made a prima facie case that the father is not a suitable custodian, in part because of the long time the children have been left with the petitioners. . . . [4]
¶ 12 The superior court agreed with the Griecos and denied Wilson's motion to revise the commissioner's decision based on the conclusion that the "[c]ourt only needs to find, under [chapter] 26.10[RCW], that [the] children are not in the custody of parents to find adequate cause." The order also states that because the "[c]ourt cannot determine issues based on written materials[,] trial is necessary." Wilson filed a motion for discretionary review of the court's order. On June 21, 2007, a commissioner of this court issued a ruling granting Wilson's motion for discretionary review.
¶ 13 On July 3, the Griecos filed a motion and declaration in superior court asking the court to supplement the adequate cause findings in the nonparental custody action. For the first time, the Griecos alleged that Wilson had abdicated his parental role and that placement of the boys with him would result in actual detriment. The Griecos admitted they had not previously alleged actual detriment to the boys. The Griecos asserted that based on Wilson's argument in his motion for discretionary review, "it is necessary for petitioner to allege that placement of the children with him will result in actual detriment. . . . Although petitioners disagree with [Wilson's] interpretation of the statute, granting the motion would make the appeal moot." Wilson filed a motion to strike the request to supplement the findings and the Griecos' declaration. The superior court commissioner granted Wilson's motion to strike and imposed sanctions against the Griecos for failure to follow the case schedule. The Griecos then filed a motion to revise the commissioner's decision. On August 9, the superior court denied the motion to revise the commissioner's decision except as to the award of sanctions.
¶ 14 On August 14, we denied the Griecos' motion to modify the ruling granting discretionary review.
Motion to Strike
¶ 15 On August 15, the Griecos filed a supplemental statement of arrangements designating the transcript of the August 9 hearing in superior court denying the Griecos' motion to supplement the court's findings of adequate cause in the nonparental custody action. Wilson filed a motion to strike the August 9 report of proceedings. A commissioner of this court referred the motion to strike to this panel.
¶ 16 When the superior court does not make written findings, we can look to the court's oral decision to clarify the theory on which the court decides the case. Goodman v. Darden, Doman & Stafford Assocs., 100 Wash.2d 476, 481, 670 P.2d 648 (1983). And if findings of fact are incomplete, the appellate court may look to the superior court's oral decision to understand the court's reasoning. Lakewood v. Pierce County, 144 Wash.2d 118, 30 P.3d 446 (2001). But if the oral decision conflicts with the written decision, the written decision controls. Ferree v. *672 Doric Co., 62 Wash.2d 561, 567, 383 P.2d 900 (1963). An oral decision "is necessarily subject to further study and consideration, and may be altered, modified, or completely abandoned. It has no final or binding effect, unless formally incorporated into the findings, conclusions, and judgment." Ferree, 62 Wash.2d at 567, 383 P.2d 900.[5]
¶ 17 Here, because the superior court entered a written order that is not incomplete and does not need clarification, we grant Wilson's motion to strike. The order denying Wilson's motion to revise the commissioner's decision of adequate cause to proceed to trial in the nonparental custody action is unequivocally based on the court's independent finding that the children were not in the father's custody and that the "[c]ourt only needs to find, under [chapter] 26.10[RCW], that children are not in the custody of parents to find adequate cause." The court's statements, six months after its order in the context of denying the motion to make addition findings, have no final or binding effect.[6]
Adequate Cause under RCW 26.10.032
¶ 18 Wilson contends the superior court erred in concluding that the Griecos could establish adequate cause under RCW 26.10.032 based solely on the fact that the children were not in the father's physical custody.
¶ 19 Chapter 26.10 RCW governs nonparental custody actions. In a custody dispute between a parent and a nonparent, the nonparent must establish that the parent is unfit or that placement with the parent will result in actual detriment to the child. In re Marriage of Allen, 28 Wash.App. 637, 626 P.2d 16 (1981); In re Custody of Shields, 157 Wash.2d 126, 140, 150, 136 P.3d 117 (2006) (approving of the actual detriment standard in Allen). In 2003, the legislature amended the nonparental custody statute to require a threshold hearing to establish adequate cause to hear the third party nonparental custody petition. RCW 26.10.032 provides:
(1) A party seeking a custody order shall submit, along with his or her motion, an affidavit declaring that the child is not in the physical custody of one of its parents or that neither parent is a suitable custodian and setting forth facts supporting the requested order. The party seeking custody shall give notice, along with a copy of the affidavit, to other parties to the proceedings, who may file opposing affidavits.
(2) The court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the affidavits, in which case it shall set a date for hearing on an order to show cause why the requested order should not be granted.
¶ 20 The meaning of a statute is a question of law we review de novo. Shields, 157 Wash.2d at 140, 136 P.3d 117. The primary goal of statutory interpretation is to ascertain and give effect to the legislature's intent and purpose. Shields, 157 Wash.2d at 140, 136 P.3d 117. If the statute's meaning is plain on its face, we give effect to that plain meaning. Dep't of Ecology v. Campbell & Gwinn, 146 Wash.2d 1, 9-10, 43 P.3d 4 (2002).
¶ 21 Our appellate courts have not interpreted RCW 26.10.032. However, the language *673 used in RCW 26.10.032 is nearly identical to the language used in the statute governing adequate cause for a hearing to modify a custody decree or parenting plan, RCW 26.09.270. When similar words are used in different parts of a statute, we presume the legislature intends to use the same meaning. See DeGrief v. Seattle, 50 Wash.2d 1, 11, 297 P.2d 940 (1956). Therefore, we look to the case law interpreting the same language. Green River Comm'ty College Dist. No. 10 v. Higher Educ. Personnel Bd., 95 Wash.2d 108, 117, 622 P.2d 826 (1980) (a similar interpretation should result where the language of the two statutes is similar). RCW 26.09.270 also requires the petitioner to make a threshold showing of adequate cause and to set forth "facts supporting the requested order." RCW 26.09.270 provides:
A party seeking a temporary custody order or a temporary parenting plan or modification of a custody decree or parenting plan shall submit together with his motion, an affidavit setting forth facts supporting the requested order or modification and shall give notice, together with a copy of his affidavit, to other parties to the proceedings, who may file opposing affidavits. The court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the affidavits, in which case it shall set a date for hearing on an order to show cause why the requested order or modification should not be granted.
¶ 22 As in the third party custody statute, under RCW 26.09.270, a hearing on a motion to modify the custody decree or parenting plan will only be held if the parent establishes adequate cause. In re Marriage of Mangiola, 46 Wash.App. 574, 577, 732 P.2d 163 (1987), overruled on other grounds by In re Parentage of Jannot, 149 Wash.2d 123, 126-27, 65 P.3d 664 (2003). The primary purpose of the threshold adequate cause requirement is to prevent a useless hearing. In re Marriage of Lemke, 120 Wash.App. 536, 540, 85 P.3d 966 (2004). "Adequate cause" has been defined as "`something more than prima facie allegations, which, if proven, might permit inferences sufficient to establish grounds for a custody charge.'" Mangiola, 46 Wash.App. at 577, 732 P.2d 163 (quoting In re Marriage of Roorda, 25 Wash.App. 849, 852, 611 P.2d 794 (1980), Jannot, 149 Wash.2d at 126-27, 65 P.3d 664).
¶ 23 As in RCW 26.10.032, RCW 26.09.270 requires a petitioner to submit affidavits with specific factual allegations that, if proved, would permit a court to modify the parenting plan under RCW 26.09.260. And under RCW 26.09.260(2)(c) the court must retain the established residential schedule unless "the child's physical, mental, or emotional health, and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child."
¶ 24 Based on the plain language of RCW 26.10.032 and the case law interpreting the almost identical language in RCW 26.09.270, we conclude that in order to establish adequate cause to proceed with a nonparental custody action, in addition to showing either that the child is not in the physical custody of a parent or that neither parent is a suitable custodian, the petitioner must set forth factual allegations that if proved would establish that the parent is unfit or the child would suffer actual detriment if placed with the parent.
¶ 25 Here, the superior court unequivocally decided that the "[c]ourt only needs to find, under 26.10, that children are not in the custody of parents to find adequate cause." We review the superior court's finding of adequate cause for nonparental custody under an abuse of discretion standard. In re Parentage of Jannot, 149 Wash.2d 123, 127, 65 P.3d 664 (2003). But where, as here, the order is clearly based on the court's interpretation of the statutory requirements to find adequate cause under the nonparental custody statute, RCW 26.10.032, our review is de novo. Shields, 157 Wash.2d at 140, 136 P.3d 117. The superior court erred in deciding that the "[c]ourt only needs to find, under [chapter] 26.10[RCW], that children are not in the custody of parents to find adequate cause." In reaching this conclusion, the superior court ignored the requirement that the petitioner must set forth facts that, if proved, would establish either Wilson was an unfit parent or actual detriment to the boys *674 if they were placed with him. Below, the Griecos only relied on the fact that the boys were not in the physical custody of the father to establish adequate cause.
¶ 26 In the motion and declaration for adequate cause, the Griecos did not allege actual detriment. The Griecos only alleged that the children have lived with the Griecos since 2004 and that Wilson agreed in February 2006 that the children should continue to live with their grandparents. The Griecos argued that the fact the children were not in the physical custody of Wilson "alone is sufficient adequate cause for the third party custody action to go forward." The Griecos also argued the father was not a "suitable custodian" because he voluntarily left the children with their grandparents "for an extended period of time." The declarations do not allege facts that, if proved, would establish actual detriment in placing the children with their father. Because the Griecos did not comply with the requirements of RCW 26.10.032, the court erred as a matter of law in concluding adequate cause was shown based solely on the fact the children were not in the custody of the father.
¶ 27 The Griecos' reliance on In re Custody of S.H.B., 118 Wash.App. 71, 74 P.3d 674 (2003), to argue that "[i]f the child does not reside with either parent, then the statute requires that the petitioner establish that awarding them custody is `in the best interest of the child,'" is misplaced. S.H.B, 118 Wash.App. at 79, 74 P.3d 674 (quoting RCW 26.10.100). S.H.B. involved a custody dispute between two nonparents. However, in Shields, the Washington Supreme Court expressly rejected the best interests of the child standard when a custody dispute is between a parent and a nonparent because the standard does not give proper deference to a fit parent. Shields, 157 Wash.2d at 145, 136 P.3d 117. The court held that actual detriment to the child is the standard that must apply in a custody dispute between a nonparent and a parent.
Under the heightened standard, a court can interfere with a fit parent's parenting decision to maintain custody of his or her child only if the nonparent demonstrates that placement of the child with the fit parent will result in actual detriment to the child's growth and development.
Shields, 157 Wash.2d at 144, 136 P.3d 117.
¶ 28 The Griecos also rely on the superior court commissioner's findings below to argue that they established actual detriment. On revision of a commissioner's decision, the superior court reviews the findings of fact and conclusions of law de novo. In re Marriage of Moody, 137 Wash.2d 979, 993, 976 P.2d 1240 (1999). If the superior court simply denies the motion to revise the commissioner's findings or conclusions, we have held that the court then adopts the commissioner's findings, conclusions, and rulings as its own. State ex rel. J.V.G. v. Van Guilder, 137 Wash.App. 417, 423, 154 P.3d 243 (2007). But when the court makes independent findings and conclusions, the court's revision order then supersedes the commissioner's decision. In re Marriage of Dodd, 120 Wash. App. 638, 644, 86 P.3d 801 (2004). Here, the court's order supersedes the commissioner's findings, conclusions and order. The court denied the motion to revise the commissioner's decision finding adequate cause. But the court entered a separate and distinctly different order clearly stating the decision to deny the motion to revise was based on the court's interpretation of the statute.
¶ 29 We reverse the superior court's order finding adequate cause to proceed with the nonparental custody action under RCW 26.10 and dismiss that claim.
¶ 30 WE CONCUR: AGID and BECKER, JJ.
NOTES
[1] The grandparents' petition also seeks custody of the boys on an alternative de facto parent theory. Our decision does not affect that claim.
[2] Wilson's signature was notarized.
[3] The Griecos' signatures were notarized.
[4] Emphasis added.
[5] The Griecos also rely on In re Marriage of Stern, 68 Wash.App. 922, 927-28, 846 P.2d 1387 (1993), to argue that the trial court may enter findings and conclusions even after this court has accepted review. The Griecos' reliance in Stern is misplaced. In Stern, the court held that the failure to enter findings was an inadvertent oversight and not a substantive error. Stern, 68 Wash.App. at 927-28, 846 P.2d 1387.
[6] In any event, even if we considered the court's statements during the August 9 hearing, some are consistent with the written order and some are not. The court stated that the children's absence from their father's custody was sufficient to establish adequate cause. "[T]he argument focused almost solely on whether their being in the  in the grandparents' custody was sufficient . . . to establish adequate cause. And my ruling was that the statute reads in the alternative, that the children have been out of their parents' custody. . . . I said that absence under the statute was enough to meet the threshold. . . ." RP (August 9, 2007) at 20-21. However, the court also stated "[b]ut I didn't revise the Commissioner's finding of adequate cause. I sustained the Commissioner's finding of adequate cause." RP (August 9, 2007) at 21. The statements that are consistent with the written order add nothing. And to the extent the court's statements are inconsistent, the written order controls. Ferree, 62 Wash.2d at 567, 383 P.2d 900.