FILED
11/21/2022
Court of Appeals
Division I
State of Washington

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| CARL COOK,<br><br>               Appellant,<br><br>         v.<br><br>CURTIS ALAN THOMPSON,<br><br>               Respondent. | No. 83505-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DíAZ, J. — Carl Cook appeals from the trial court's denial of his petition for an antiharassment protection order. Cook does not establish that the trial court abused its discretion in denying the petition. Therefore, we affirm.

## I.    FACTS

Cook and Curtis Thompson are former friends and own neighboring properties in Everett. Thompson resides at his property (Thompson Property), and Cook describes his as a "jobsite" for a housing development. Cook and Thompson were parties to a now concluded legal dispute over Cook's failed attempts to claim ownership of and evict Thompson from the Thompson Property (Property Dispute).

In the Property Dispute, Cook claimed that he took ownership of the Thompson Property via a trustee's sale. In December 2020, the Snohomish County Superior Court ruled against Cook in the Property Dispute, finding that Thompson owned the Thompson Property, that the trustee's sale was invalid, and

Citations and pin cites are based on the Westlaw online version of the cited material.

that Cook lacked standing to evict Thompson.[1]

In October 2021, Cook petitioned for an antiharassment protection order against Thompson. In support of his petition, Cook alleged that on September 20, 2021, he "walked over to the [Thompson P]roperty from [his] housing development next door to take pictures," as he did "on a monthly basis to document the state of the [Thompson P]roperty." He attested that he "found that the garage door was unlocked so [he] lifted it open and took a picture." He alleged that "[s]econds later[,] Mr. Thompson came rushing out of the door on the left inside the garage, saying 'You're dead', coming right at [Cook] with a baseball bat and started whanging, whanging on [Cook's] head," striking him several times with the baseball bat. He also alleged that Thompson had harassed him by "[f]iling DFI case," "standing at front of property yelling abuse," and calling a project inspector and "yelling obscenities close to [Cook's] face in front of" the inspector.

Thompson responded and attested that, on September 20, 2021, he was in his home when he heard a noise coming from the garage. When he went to investigate, he saw that Cook had opened the garage door and was inside. According to Thompson, when he asked Cook what he was doing, Cook grabbed a baseball bat and looked like he was going to attack Thompson, so Thompson attempted to take the bat and it was during the ensuing struggle that Cook got injured. Thompson also attested that in the year since the superior court's ruling

---

[1] This court later affirmed the superior court. See Cook v. Thompson, No. 82152-1-I, slip op. at 1 (Wash. Ct. App. Nov. 8, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/821521.pdf, review denied, 199 Wn.2d 1011 (2022).

against Cook in the Property Dispute, Cook had continued to claim he owned the Thompson Property and had repeatedly trespassed thereon.

Following a hearing, a commissioner denied Cook's petition, determining that harassment had not been proven by a preponderance of the evidence. A superior court judge then summarily denied Cook's motion for revision. Cook appeals pro se.

## II. DISCUSSION

### A. Standard of Review and Legal Standards

When an appeal is taken from an order denying revision of a court commissioner's decision, we review the superior court's decision, not the commissioner's. In re Marriage of Williams, 156 Wn. App. 22, 27, 232 P.3d 573 (2010). Where, as here, the superior court simply denies revision, we treat the court as having adopted the commissioner's findings, conclusions, and rulings as its own. Grieco v. Wilson, 144 Wn. App. 865, 877, 184 P.3d 668 (2008).

"[I]f the court finds by a preponderance of the evidence that unlawful harassment exists, a civil antiharassment protection order shall issue prohibiting such unlawful harassment." Former RCW 10.14.080(3) (2019).[2] "'Unlawful harassment' means a knowing and willful course of conduct directed at a specific person which seriously alarms, annoys, harasses, or is detrimental to such person,

---

[2] The legislature repealed RCW chapter 10.14 effective July 1, 2022, as part of legislation that reorganized various civil protection order statutes into a new RCW chapter. See Laws of 2021, ch. 215, §§ 1, 170(64)-(93); see also chapter 7.105 RCW. Because that legislation was not yet in effect at the time of the proceedings below, we refer herein to the relevant, but since repealed, statutes as if still in effect.

and which serves no legitimate or lawful purpose." Former RCW 10.14.020(2) (2011). "'Course of conduct' means a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose." Former RCW 10.14.020(1) (2011).

We review a trial court's decision whether to grant an antiharassment protection order for abuse of discretion. See Trummel v. Mitchell, 156 Wn.2d 653, 669-70, 131 P.3d 305 (2006) (reviewing modifications to an antiharassment order for abuse of discretion). The trial court abuses its discretion when its decision is manifestly unreasonable, or when it exercises its discretion on untenable grounds or for untenable reasons. In re Parentage of T.W.J., 193 Wn. App. 1, 6, 367 P.3d 607 (2016).

B. Protection Order Denial

Cook raises several challenges to the trial court's denial of his petition for an antiharassment protection order, but he fails to show an abuse of discretion.

Cook first contends that the trial court erred to the extent it considered the Property Dispute in deciding whether to grant Cook's petition. But in determining whether an alleged course of conduct "serves no legitimate or lawful purpose" such that it may constitute unlawful harassment, see former RCW 10.14.020(2), the court should consider multiple factors, including (1) whether "[a]ny current contact between the parties was initiated by the respondent only or was initiated by both parties"; (2) whether "[t]he respondent is acting pursuant to any statutory authority, including . . . acts which are reasonably necessary to . . . [p]rotect property . . . interests"; and (3) whether "[t]he respondent's course of conduct has

4

the purpose or effect of unreasonably interfering with the petitioner's privacy or the purpose or effect of creating an intimidating, hostile, or offensive living environment for the petitioner."  Former RCW 10.14.030 (1987).

Here, it is undisputed that the parties' confrontation on September 20, 2021 began with Cook photographing the Thompson Property and opening the garage door.  Thus, whether the Thompson Property belonged to Cook or Thompson and the reasonableness of Cook's belief that the property was his were relevant to the above factors.[3]  If, on the one hand, Cook owned the Thompson Property and Thompson had no right to be there as Cook alleged, then perhaps Thompson "initiated" the contact, and perhaps Thompson's presence on the property unreasonably interfered with Cook's privacy.  If, on the other hand, Thompson was the rightful owner, then it would be reasonable to conclude that Thompson was acting to defend his property from a trespasser.  The trial court did not err by considering the outcome of the Property Dispute.[4]

Cook next argues that the commissioner decided the matter "based on considerations other" than the evidence.  Specifically Cook notes that, at the hearing on his petition, the commissioner indicated she knew the judge who presided over the Property Dispute "very well" and remarked that she "serve[d] under him and other judges."  Cook also asserts that the commissioner "grant[ed]

---

[3] Indeed, even Cook began his argument before the commissioner by discussing the Property Dispute.

[4] To the extent that Cook objects to the trial court's consideration of the Property Dispute on evidentiary grounds, that objection lacks merit because the Rules of Evidence did not apply to the proceedings below.  See ER 1101(c)(4) (evidence rules "need not be applied" in protection order proceedings under Chapter 10.14 RCW).

5

leave to [Thompson] to argue ownership while denying [Cook] the same latitude," and that this combined with the commissioner's comments about the judge changed the case "to not be about the threat which Mr. Thompson poses, nor the injuries which [Cook] has suffered, but rather to be about the politics of supporting [the judge]."

Cook mischaracterizes what happened at the hearing. The transcript reveals that the commissioner gave Cook an appropriate amount of latitude to argue about ownership. And, while the commissioner's comments about the judge were dicta,[5] the gist of the commissioner's remarks was that she was not going to allow Cook to relitigate an issue that, again, had been finally determined in a separate proceeding. It was far from error for the commissioner to respect that prior decision. Cf. Scholz v. Wash. State Patrol, 3 Wn. App. 2d 584, 594, 416 P.3d 1261 (2018) (doctrine of issue preclusion bars relitigation of an issue in a subsequent proceeding involving the same parties).

In the remainder of his opening brief, Cook argues, in essence, that the evidence he presented below should have been sufficient to warrant entry of an antiharassment protection order. For example, Cook variously argues that Thompson's "vicious attempt to take [Cook]'s life . . . and prior threatening behavior . . . must surely meet" the standard for unlawful harassment, that Thompson's actions "could not have been a response for protection of what he perhaps considered his property"; that the trial court denied his petition "in

---

[5] "Dicta" refers to a statement that is not necessary to the court's decision in a case. Protect the Peninsula's Future v. City of Port Angeles, 175 Wn. App. 201, 215, 304 P.3d 914 (2013).

opposition to the evidence, and antithetical to the normal course of handling of such cases"[6]; and that "[t]here is no need for judicial interpretation that a physical and violent attack which was intended to end the life of the victim, qualifies as 'Unlawful Harassment.' "

Cook's argument fails for several reasons. First, Cook's argument assumes that a single assault is enough to establish harassment, but he cites no authority to support that proposition, and the authority in fact suggests otherwise. See State v. Alvarez, 74 Wn. App. 250, 259-60, 872 P.2d 1123 (1994) (concluding that *criminal* harassment requires proof of only a single act, and distinguishing the civil antiharassment statute by pointing out that the civil statute requires a "course of conduct" and "continuity of purpose").

Second, as discussed, Thompson attested in response that Cook trespassed onto Thompson's property, that Cook was the first aggressor, and that Thompson acted in defense of his property and of his person. Regardless of whose account of the September 20, 2021 incident this court would itself believe,[7] Cook's arguments must be rejected because they invite us to reweigh the competing evidence, which we will not do. See State v. Living Essentials, LLC, 8

---

[6] Initial capitalization omitted.

[7] In support of his account of the September 20, 2021 incident, Cook relies in large part on a probable cause report prepared by the sheriff's deputy who arrested Thompson in connection with the incident. But Cook did not file that report until he moved for revision, so it was not before the commissioner and will not be considered in determining the merits of Cook's appeal. See In re Marriage of Moody, 137 Wn.2d 979, 993, 976 P.2d 1240 (1999) (superior court judge's review of a commissioner's ruling is limited to the evidence and issues presented to the commissioner); see also In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993) (pro se litigants on appeal are held to the same standards as attorneys and are bound by the same rules of procedure and substantive law).

Wn. App. 2d 1, 14, 436 P.3d 857 (2019) ("[T]he reviewing court 'defer[s] to the trier of fact regarding witness credibility or conflicting testimony.' " (second alteration in original) (quoting Weyerhaeuser v. Tacoma-Pierce County Health Dep't, 123 Wn. App. 59, 65, 96 P.3d 460 (2004))); Nguyen v. City of Seattle, 179 Wn. App. 155, 163, 317 P.3d 518 (2014) (where trial court has weighed the evidence, "[w]e will not substitute our judgment for that of the trial court, even if we might have resolved the factual dispute differently").

Third, and relatedly, we also will not second-guess the trial court's determination that, even taking into consideration Cook's allegations of harassment apart from the September 20 incident, the evidence was insufficient to establish unlawful harassment.[8] See Thompson v. Hanson, 142 Wn. App. 53, 60, 174 P.3d 120 (2007) (we defer to the trial court's evaluation of the persuasiveness of the evidence).

In short, Cook does not show that the trial court was "manifestly unreasonable" or exercised its discretion "on untenable grounds or for untenable reasons" in adopting the commissioner's decision denying Cook's petition for an antiharassment protection order. T.W.J., 193 Wn. App. at 6. Reversal is not required.

---

[8] Cook has filed a motion to file a supplemental brief in which he attempts to advise this court of alleged harassment that has occurred since the trial court's order at issue in this appeal. This court does not take evidence except under the limited circumstances set forth in RAP 9.11, which Cook neither addresses nor satisfies. See State v. Elmore, 139 Wn.2d 250, 302, 985 P.2d 289 (1999) ("appellate court is confined to evidence presented to the trial court" except where criteria set forth in RAP 9.11(a) are satisfied). The motion is hereby denied.

C. Fees on Appeal

Thompson requests fees on appeal as a sanction against Cook for filing a frivolous appeal.

Under RAP 18.9, this court can award fees for a frivolous appeal. Reid v. Dalton, 124 Wn. App. 113, 128, 100 P.3d 349 (2004). In considering whether to do so, five considerations guide us:

> (1) a civil appellant has a right to appeal, (2) we resolve any doubts about whether an appeal is frivolous in the appellant's favor, (3) we consider the record as a whole, (4) an unsuccessful appeal is not necessarily frivolous, and (5) an appeal is frivolous if it raises no debatable issues on which reasonable minds might differ and it is so totally devoid of merit that no reasonable possibility of reversal exists.

Protect the Peninsula's Future, 175 Wn. App. at 220.

While Cook's appeal is not successful, we note the record reflects that Thompson was arrested for felony assault in connection with the September 20, 2021 incident, and, although it is undisputed that no charges have been filed, it is also undisputed that the Snohomish County Sheriff's Office referred the matter for prosecution. This provided some basis for Cook to proceed with an appeal. Although we discern no error in the trial court's determination that Thompson's conduct did not constitute unlawful harassment, we are unpersuaded under the circumstances, and given the relevant considerations, that sanctions are warranted here. Thus, we deny Thompson's request for fees on appeal.

We affirm.

Díaz, J.

WE CONCUR: