IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ALEXANDRIA A. AVONA,<br><br>                    Appellant,<br><br>          v.<br><br>MIKE LEONG,<br><br>                    Respondent. | No. 86866-7-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DÍAZ, J. — Alexandria Alethea Avona appeals the court commissioner's denial of her petition for an antiharassment protection order against Mike Leong. Because Avona does not establish that the commissioner abused their discretion in denying the petition, we affirm.

## I.     BACKGROUND

We take the following facts from the sworn testimony before the commissioner. Avona was an employee at a Sea Mar Community Health Center, where Leong served as vice president of corporate and legal affairs and was in her chain of command. In the fall of 2023, Avona claimed a third party, who was also under Leong's supervision, harassed her. Leong instructed Avona to report any claims to her own direct supervisor. Avona refused and told Leong to stop communicating with her, which in turn prompted Leong to find her insubordinate

and ultimately terminate her from employment.

In December 2023, Avona then filed a petition for a protection order against Leong, which the commissioner denied. Avona appealed the denial of that order to this court, which we eventually dismissed as abandoned for her failure to prosecute the matter.

Before we dismissed that appeal, Leong emailed the clerk of this court, stating, "[p]lease note that I have not been served with any filings by [Avona] in this matter." Leong copied Avona on that email.

Avona then filed a second petition for a protection order, which is the subject of the present appeal. At the hearing on her petition, she contended that there was "no legal purpose" for, and Leong had "no right" to send, that email to the court as it violated her "continual[]" request that he not contact her. She testified that the "psychological impact" of the email contact was "humongous" and that she had suffered "extreme economic abuse" because of Leong's actions. Avona referenced only RCW 9A.46.110, the statute defining stalking.

At the end of the hearing, the commissioner ruled that Avona had not proven that either stalking or harassment had occurred by a preponderance of the evidence and denied Avona's petition. Avona timely appeals.

## II.    ANALYSIS

Avona argues that the commissioner abused their discretion by denying the protection order. We disagree.

As a preliminary matter, we note that both Avona and Leong are pro se. "Courts hold pro se litigants to the same standards as attorneys." In re Vulnerable

2

Adult Pet. of Winter, 12 Wn. App. 2d 815, 844, 460 P.3d 667 (2020). That is, courts are "under no obligation to grant special favors to . . . a pro se litigant." In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

Also preliminarily, it is important to identify which petition for protection order and which order of denial is before us. Avona's original protection order against Leong—for any actions he took, up to and including termination, in responding to her claim of harassment against the third-party coworker—and the commissioner's denial thereof is not before us. Moreover, the commissioner's denial in April 2024 of her petition for a temporary order prohibiting stalking is not before us. The only order before us is the order denying the full petition for a protection order following the hearing in June 2024, and the only allegation of harassment before us is the singular email Leong sent in March 2024.[1] Avona's filing in this court identifying the denial order on appeal and our rules make that clear. RAP 2.4(a)-(b). We will not consider any allegations unrelated to this narrow claim.

Finally, still preliminarily, Avona did not file a motion for revision of the commissioner's decision by the superior court, instead appealing directly to this court. When the superior court has not revised a commissioner's decision, we review the commissioner's rulings by the same standard as a superior court's rulings. Cf. Grieco v. Wilson, 144 Wn. App. 865, 877, 184 P.3d 668 (2008)

---

[1] Avona does not provide this court with a copy of the email. "The appellant bears the burden of perfecting the record on appeal so as to ensure that the reviewing court is apprised of all necessary evidence to decide the issues presented." Tacoma S. Hosp., LLC v. Nat'l Gen. Ins. Co., 19 Wn. App. 2d 210, 220, 494 P.3d 450 (2021); RAP 9.6. Nonetheless, the content of the email is not disputed, and we exercise our discretion to review the merits of this matter. RAP 9.10.

(holding, in an analogous context, that if the superior court denies revision on de novo review, it adopts the commissioner's ruling).

We review a court's decision whether to grant a protection order for abuse of discretion. See Trummel v. Mitchell, 156 Wn.2d 653, 669-70, 131 P.3d 305 (2006) (reviewing modifications to an antiharassment order for abuse of discretion). The trial court abuses its discretion when its decision is manifestly unreasonable, or when it exercises its discretion on untenable grounds or for untenable reasons. In re Parentage of T.W.J., 193 Wn. App. 1, 6, 367 P.3d 607 (2016).

"The court shall issue a protection order if it finds by a preponderance of the evidence that the petitioner has proved . . . that the petitioner has been subjected to unlawful harassment by the respondent." RCW 7.105.225(1)(f). "'Unlawful harassment' means . . . [a] knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, harasses, or is detrimental to such person, *and that serves no legitimate or lawful purpose*." RCW 7.105.010(37)(a) (emphasis added).

Here, the commissioner ruled that Leong's decision to copy Avona on his email to the clerk had "a lawful purpose and arguably was required to keep her informed of his contact with the court." Avona once again avers that Leong was not required to copy her on his email to the court, and that he should not have emailed her since she had told him to stop contacting her. The commissioner did not abuse their discretion in rejecting this argument.

The Washington Rules: Rules of Professional Conduct (RPC)—which apply

to Leong who is a licensed Washington attorney, although he proceeded pro se here—bar ex parte communication "during the proceeding unless authorized to do so by court order." RPC 3.5; see In re Disciplinary Proceeding Against Haley, 156 Wn.2d 324, 338, 126 P.3d 1262 (2006) (reprimanding a licensed attorney acting pro se for violating an RPC). Similarly, canon two of the Code of Judicial Conduct (CJC) states that "ex parte communications . . . or . . . other communications made to the judge outside the presence of the parties or their lawyers" are not permitted. CJC 2.9(A). The commissioner did not abuse their discretion in finding that Leong's email was a legitimate and lawful attempt to comply with these rules, and thus not harassment.

In response, Avona contends that the commissioner erred because they did not consider her job loss, housing situation, and previous threats from Leong that occurred during her employment. Avona appears to be referencing that portion of RCW 7.105.010(37)(a), which states that "[t]he course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner." We need not address whether Avona met that element of her request as she has not first shown that the commissioner abused their discretion in finding Leong had a lawful purpose for his email, even if it may have caused her emotional distress.[2]

---

[2] Moreover, the commissioner did not consider any evidence of threats or harassment which Avona had alleged in her first petition for a protection order because they found the doctrine of res judicata prohibited it. The doctrine of res judicata bars "the relitigation of claims that were litigated or could have been litigated in a prior action." Cowan v. Cowan, 29 Wn. App. 2d 355, 370, 540 P.3d 158 (2023), review denied, 2 Wn.3d 1020, 542 P.3d 578 (2024). Because Avona abandoned her prior appeal, these principles may provide an alternate basis to

Finally, Avona raises multiple additional challenges to the commissioner's denial of her petition.[3]  But, arguments which are not supported by references to the record, meaningful analysis, or citation to pertinent authority need not be considered.  Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).  Even more, her failure to "identify any specific legal issues" precludes our review.  State v. Marintorres, 93 Wn. App. 442, 452, 969 P.2d 501 (1999).

III.     CONCLUSION

We affirm the commissioner's order.

_Díaz, J._

WE CONCUR:

_Birk, J._                          _Mann, J._

---

conclude that the commissioner did not abuse their discretion in refusing to consider those previous allegations.  But we do not reach that issue.

[3] Namely, Avona makes several passing claims that Leong violated the Washington Criminal Code, ch. 9A RCW; the Americans with Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 327 (42 U.S.C. 12101); the Fourteenth Amendment to the United States Constitution; and Title VII of the Civil Rights Act of 1964, Pub. L. No. 88-352, 78 Stat. 241 (42 U.S.C. 2000a), but makes no further argument and cites to no authority.