IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ALEXANDRIA A. AVONA,<br><br>     Appellant,<br><br>  v.<br><br>TAMRU TERFA,<br><br>     Respondents. | No. 86771-7-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DÍAZ, J. — Alexandria Avona appeals the superior court commissioner's denial of her petition for a protection order, which she filed against Tamru Terfa. Because Avona does not establish that the commissioner abused their discretion in denying the petition, we affirm.

## I.  BACKGROUND

We take the following facts from the sworn testimony before the commissioner. Terfa was Avona's landlord. She sublet a portion of a residence from Terfa in 2022. Avona had two roommates, with whom she shared a kitchen and other living spaces.

In February 2024, Avona filed a petition for a protection order, claiming Terfa was stalking her. Avona alleged that Terfa "repeatedly" entered the residence without providing notice to the residents, even though she asked him to

stop. Avona alleges that, instead of providing the required notice, he would track her location, wait for her to leave, and then enter the residence.

Terfa denied that he ever entered the residence, unless one of the residents requested his assistance. Terfa further testified that he contacted Avona in early 2023 to alert her that her lease was expiring and she was behind on the rent. And Terfa claimed that the last time he had any type of contact with Avona was through an eviction notice sent by his attorney, after which Avona made these allegations.

The commissioner denied Avona's request for both a temporary and full protection order. Avona timely appeals the latter.

## II.    ANALYSIS

Avona contends that the commissioner abused their discretion by denying the protection order. We disagree.

As a preliminary matter, we note that Avona appeals pro se. "Courts hold pro se litigants to the same standards as attorneys." In re Vulnerable Adult Pet. for Winter, 12 Wn. App. 2d 815, 844, 460 P.3d 667 (2020); see also In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993) (courts are "under no obligation to grant special favors to . . . a pro se litigant.").

Also preliminarily, Avona did not file a motion for revision of the commissioner's decision by a judge of the superior court, instead appealing directly to this court. When the superior court has not revised a commissioner's decision, we review the commissioner's rulings by the same standard as a superior court's rulings. Cf. Grieco v. Wilson, 144 Wn. App. 865, 877, 184 P.3d 668 (2008) (holding, in an analogous context, that if the superior court denies revision on de

novo review, it adopts the commissioner's ruling).

Finally, still preliminarily, Terfa did not file a response brief. Where a respondent does not file a response brief, this court still "is entitled to make its decision based on the argument and record before it." Adams v. Dep't of Labor & Indus., 128 Wn.2d 224, 229, 905 P.2d 1220 (1995).

Here, the commissioner ruled in the hearing on the full protection order that the evidence "has not reached preponderance to establish that Mr. Terfa has acted in anything other than a landlord in the middle of a landlord tenant dispute."

We review such a decision whether to grant a protection order for abuse of discretion. See Trummel v. Mitchell, 156 Wn.2d 653, 669-70, 131 P.3d 305 (2006) (reviewing modifications to an antiharassment order for abuse of discretion). The trial court abuses its discretion when its decision is manifestly unreasonable, or when it exercises its discretion on untenable grounds or for untenable reasons. In re Parentage of T.W.J., 193 Wn. App. 1, 6, 367 P.3d 607 (2016).

"The court shall issue a protection order if it finds by a preponderance of the evidence that the petitioner has proved . . . that the petitioner has been subjected to stalking by the respondent." RCW 7.105.225(1)(c). "'Stalking' means . . . any course of conduct involving repeated or continuing contacts, attempts to contact, monitoring, tracking, surveillance, keeping under observation, disrupting activities in a harassing manner, or following of another person that: (i) would cause a reasonable person to feel intimidated, frightened, under duress, significantly disrupted, or threatened and that actually causes such a feeling; (ii) *serves no lawful purpose*; and (iii) the respondent knows, or reasonably should know,

threatens, frightens, or intimidates the person, even if the respondent did not intend to intimidate, frighten, or threaten the person." RCW 7.105.010(35)(c) (emphasis added).

The commissioner took sworn testimony, heard the evidence presented, weighed that evidence, and adjudged the witnesses' credibility and their competing claims. "We will not substitute our judgment for the trial court's, weigh the evidence, or adjudge witness credibility." In re Marriage of Greene, 97 Wn. App. 708, 714, 986 P.2d 144 (1999). We only determine whether substantial evidence supports the trial court's findings and conclusions, and we conclude here that there is substantial evidence that this matter presented simply a landlord-tenant dispute, i.e., that there was a "lawful purpose" for any contact Terfa had with Avona. Id.; RCW 7.105.010(35)(c)(ii).

Avona raises multiple challenges to the trial court's denial of her petition, but nowhere does she address the standard of review or explain how the commissioner abused its discretion, how its decision was manifestly unreasonable, or why the exercise of its discretion was made on untenable grounds or for untenable reasons. T.W.J., 193 Wn. App. at 6. That is an insufficient response because we are not required to search the record to locate the portions relevant to a litigant's arguments. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 819, 828 P.2d 549 (1992).[1]

---

[1] Avona also claims that the commissioner, who was a pro tem, lacked sufficient authority to rule in this case, but cites no authority for this argument. We choose not to reach this issue because an appellant's failure to "identify any specific legal issues[,] . . . cite any authority," or comply with procedural rules do not merit appellate review. State v. Marintorres, 93 Wn. App. 442, 452, 969 P.2d 501 (1999).

Avona also seeks to introduce new facts in her brief on appeal which she did not present to the trial court. This court does not take evidence except under the limited circumstances set forth in RAP 9.11, which Avona neither addresses nor satisfies. See State v. Elmore, 139 Wn.2d 250, 302, 985 P.2d 289 (1999) ("an appellate court is confined to evidence presented to the trial court" except where criteria set forth in RAP 9.11(a) are satisfied).

Finally, Avona argues that the trial court incorrectly ignored evidence that could have supported her claim of stalking. Even if arguendo that may be true, the trial court heard and weighed the testimony of both parties, and found that whatever evidence Avona adduced did not rise to the level required for the petition requested. "The deference accorded under the substantial evidence standard recognizes that the trier of fact is in a better position than the reviewing court to evaluate the credibility and demeanor of the witnesses." Peterson v. Big Bend Ins. Agency, Inc., 150 Wn. App. 504, 514, 202 P.3d 372 (2009). We cannot say that it was manifestly unreasonable for the trial court to rule as it did.[2]

### III. CONCLUSION

We affirm the commissioner's order.

Díaz, J.

WE CONCUR:

Chung, J.

Smith, J.

---

[2] In addition to stalking, Avona accuses Terfa of coercion, criminal trespass, fraud, and harassment. She also names several non-parties and accuses them of crimes. This is not the proper forum to address such claims, and we decline to do so.