IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| NATHALIE NEHME,<br><br>     Appellant,<br><br>   v.<br><br>ROCHELLE MURRAY,<br><br>     Respondent. | No. 87275-3-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DÍAZ, J. — Nathalie Nehme challenges the trial court's denial of her petition for a protection order, which she filed against Rochelle Murray, her brother's girlfriend. Because Nehme does not establish that the court abused its discretion, we affirm.

## I. BACKGROUND

The parties present competing sets of facts. Nehme alleges that, in December 2018, Murray threatened Nehme's brother with a knife, and that Murray threatened her when she intervened. Nehme also claims that on March 17, 2024, Murray came to Nehme's residence and threw her belongings about, while demanding she leave. Nehme asserts that Murray approached threateningly and said that she would call the police to falsely report that Nehme had assaulted her.

Murray testified that, during the December 2018 incident, Nehme was the

one who tried to attack her. Murray also denied Nehme's description of the March 17 incident. She admitted that she told Nehme that she deserved to die from an illness she had but explained that Nehme had provoked her by harassing Murray's child.

Nehme filed a petition for a protective order against Murray on March 19, 2024. The commissioner held a hearing on May 13, 2024. The commissioner found Murray's testimony credible and denied the protective order.

Nehme subsequently moved for revision of the commissioner's order, which the superior court denied. She then filed a motion for reconsideration, which the court also denied. Nehme timely appeals.

## II.    ANALYSIS

Nehme, pro se, claims that the court erred when it denied her petition for an antiharassment protection order, seemingly arguing that substantial evidence does not support the court's findings. We disagree

As a preliminary matter, we note that "[c]ourts hold pro se litigants to the same standards as attorneys." In re Vulnerable Adult Pet. for Winter, 12 Wn. App. 2d 815, 844, 460 P.3d 667 (2020); see also In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993) (courts are "under no obligation to grant special favors to . . . a pro se litigant.").

Also preliminarily, Nehme seeks to introduce new facts into her brief on appeal which she did not present to the commissioner or superior court. See, e.g., Br. of Appellant at 2-3. This court may not take evidence except under the limited circumstances set forth in RAP 9.11, which Nehme neither addresses nor satisfies.

2

See State v. Elmore, 139 Wn.2d 250, 302, 985 P.2d 289 (1999) ("an appellate court is confined to evidence presented to the trial court" except where criteria set forth in RAP 9.11(a) are satisfied). We therefore limit our review to the record that was before the superior court.

The superior court adopted the commissioner's findings and conclusions when it denied de novo revision. Grieco v. Wilson, 144 Wn. App. 865, 877, 184 P.3d 668 (2008). We then review "whether substantial evidence supports the findings of fact and, if so, 'whether the findings in turn support the trial court's conclusions of law.'" In re Marriage of Greene, 97 Wn. App. 708, 714, 986 P.2d 144 (1999) (quoting Organization to Preserve Agric. Lands v. Adams County, 128 Wn.2d 869, 882, 913 P.2d 793 (1996)).

We review a court's decision whether to grant a protection order for abuse of discretion. See Trummel v. Mitchell, 156 Wn.2d 653, 669-70, 131 P.3d 305 (2006) (reviewing modifications to an antiharassment order for abuse of discretion). The trial court abuses its discretion when its decision is manifestly unreasonable, or when it exercises its discretion on untenable grounds or for untenable reasons. In re Parentage of T.W.J., 193 Wn. App. 1, 6, 367 P.3d 607 (2016).

"The court shall issue a protection order if it finds by a preponderance of the evidence that the petitioner has proved . . . that the petitioner has been subjected to unlawful harassment by the respondent." RCW 7.105.225(1)(f). "'Unlawful harassment' means . . . [a] knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, harasses, or is

3

detrimental to such person, and that serves no legitimate or lawful purpose." RCW 7.105.010(37)(a).

Here, the court denied the protective order, finding that "[t]he respondent did not engage in acts of harassment against petitioner." Substantial evidence supports the court's findings.

Murray testified that she acted calmly to protect her child after Nehme provoked her. The court found Murray's explanation of the events credible. "We will not substitute our judgment for the trial court's, weigh the evidence, or adjudge witness credibility." Greene, 97 Wn. App. at 714.

Additionally, Murray presented a declaration from Elie Nehme, who swore that the December 2018 incident never occurred. Murray confirmed that Elie Nehme was present at the relevant time. He also swore that Nathalie was lying about the March 17 incident. This testimony provides additional substantial evidence for the court's conclusion

Although, as Nehme's counsel at the time argued, Murray's evidence was not authenticated under the Washington Rules of Evidence, the court still had discretion to consider it as evidence. The rules of evidence need not be applied in protection order proceedings. Gourley v. Gourley, 158 Wn.2d 460, 467, 145 P.3d 1185 (2006) (citing ER 1101(c)(4)); Blackmon v. Blackmon, 155 Wn. App. 715, 722, 230 P.3d 233 (2010) (holding that "competent evidence sufficient to support the trial court's decision to grant or deny a petition for a domestic violence protection order may contain hearsay or be wholly documentary."). The court was, therefore, within its discretion to weigh the declaration as additional evidence in

Murray's favor.

In short, there is substantial evidence that Nehme did not meet her burden to prove by a preponderance of the evidence that Murray had engaged in a "knowing and willful course of conduct directed at [Nehme] that seriously alarms, annoys, harasses, or is detrimental to such person, and that serves no legitimate or lawful purpose." RCW 7.105.010(37)(a). Because the trial court's findings are supported by substantial evidence, the court did not abuse its discretion when it denied the antiharassment protection order.[1]

III.    CONCLUSION

We affirm the trial court's order.

Díaz, J.

WE CONCUR:

---

[1] Nehme also requests attorney fees. Attorney fees may be awarded only when authorized by a contract, statute, or recognized ground of equity. Labriola v. Pollard Grp., Inc., 152 Wn.2d 828, 839, 100 P.3d 791 (2004). Nehme does not point to any contract, statute, or ground in equity that justifies attorney fees. We therefore decline to award fees.

5