IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| KATHERINE ANN PERKINS,<br><br>     Respondent,<br><br>    v.<br><br>CHAD JENSEN,<br><br>     Appellant. | No. 88080-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DÍAZ, J. — A superior court entered an antiharassment protection order protecting Katherine Ann Perkins from Chad Jensen. Jensen contends that the court abused its discretion when it entered the order. Disagreeing, we affirm.

## I. BACKGROUND

Jensen is the co-owner of BDZ Leasing LLC and BDZ Developers, Inc. (collectively, BDZ), a construction company. BDZ owns property that neighbors Perkins' home. BDZ often uses heavy equipment on its property. Following a survey of its property, BDZ became involved in a property line dispute with Perkins. Perkins alleges that, following the disagreement, BDZ employees began to harass her by, inter alia, running loud machinery in the early morning, shouting at her, and throwing debris and urinating onto her property.

Perkins filed a petition for a protection order against Jensen on November

20, 2024. A commissioner held a hearing on February 19, 2025. The commissioner found Perkins credible and granted the order. The commissioner included a provision which ordered Jensen not to operate machinery outside the hours of 7:00 a.m. and 5:00 p.m. on weekdays and 10:00 a.m. and 4:00 p.m. on weekends.

Jensen subsequently moved for revision of the commissioner's order, which the superior court granted in part. The superior court revised the provision limiting the hours that Jensen could operate machinery, ordering Jensen to "conduct his business in conformity with the noise control provisions of the Snohomish County Code, SCC 10.01, and to refrain from generating noise, at any time and/or place, whose sole purpose is to harass the petitioners." The court otherwise denied revision. Jensen timely appeals.

## II.    ANALYSIS

Jensen contends that the superior court abused its discretion when it declined to reverse the commissioner's order. Principally, he argues that none of the conduct described rises to the level of harassment, that Perkins did not present evidence Jensen himself committed or ordered the alleged harassment, and that the protection order was being improperly used to resolve a boundary dispute. We disagree and address each argument in turn.

As a preliminary matter, Perkins did not file a response brief. Where a respondent does not file a response brief, this court still "is entitled to make its decision based on the argument and record before it." Adams v. Dep't of Labor & Indus., 128 Wn.2d 224, 229, 905 P.2d 1220 (1995). We endeavor to do so.

The superior court adopts the commissioner's findings and conclusions when it denies de novo revision. Grieco v. Wilson, 144 Wn. App. 865, 877, 184 P.3d 668 (2008). We then review the court's findings of fact under a substantial evidence standard, which asks whether the record contains "a quantum of evidence sufficient to persuade a rational fair-minded person the premise is true." Sunnyside Vly. Irrig. Dist. v. Dickie, 149 Wn.2d 873, 879, 73 P.3d 369 (2003). If the substantial evidence standard is satisfied, we do not substitute our judgment even if we might have resolved a factual question differently. Id. at 879-80. "We will not substitute our judgment for the trial court's, weigh the evidence, or adjudge witness credibility." In re Marriage of Greene, 97 Wn. App. 708, 714, 986 P.2d 144 (1999).

We review a court's decision whether to grant an antiharassment protection order for abuse of discretion. See Trummel v. Mitchell, 156 Wn.2d 653, 669-70, 131 P.3d 305 (2006) (reviewing modifications to an antiharassment order for abuse of discretion). A court abuses its discretion if it is exercised in a way that is clearly untenable or manifestly unreasonable. In re Marriage of Knight, 75 Wn. App. 721, 729, 800 P.2d 71 (1994). The challenging party bears the burden of proving such an abuse. Id.

"The court shall issue a protection order if it finds by a preponderance of the evidence that the petitioner has proved . . . that the petitioner has been subjected to unlawful harassment by the respondent." RCW 7.105.225(1)(f). "'Unlawful harassment' means . . . [a] knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, harasses, or is detrimental to such

person, and that serves no legitimate or lawful purpose." RCW 7.105.010(37)(a).

Jensen argues that none of the conduct that Perkins alleges rises to the level of harassment. The commissioner found that Perkins "met her burden to show that this behavior and this harassment is intentional, it's willful, and it's directed at the Perkins family." She also found that the course of conduct was "intended to make it so that they don't even want to reside there anymore, specifically making it such an unenjoyable place to be at home, to have privacy, to be able to have peace and quiet." We review these findings for substantial evidence. Sunnyside, 149 Wn.2d at 879.

Perkins declared under penalty of perjury that BDZ employees operated loud machinery outside of county quiet hours, urinated through the fence onto her property, shoveled contaminated debris onto her property, and yelled and made animal noises at her. The trial court found Perkins credible. This court may not reweigh the evidence or redecide witness credibility. Marriage of Greene, 97 Wn. App. at 714. Therefore, Perkins's declaration is substantial evidence supporting the court's finding that harassment occurred.[1]

Jensen argues that, even if BDZ was using machinery during the county quiet hours, the use of equipment served a legitimate purpose and was not "designed to alarm, annoy, or harass" Perkins. RCW 7.105.010(7)(b)(iii). He relies on Zink v. City of Mesa, 140 Wn. App. 328, 343, 166 P.3d 738 (2007), in which the

---

[1] Perkins also presented video evidence to support her allegations. The video evidence was not included in the record presented for this court to review. Because substantial evidence in the record before us supports the trial court's findings, the lack of video evidence does not impact our holding.

reviewing court found that the conduct did not rise to the level of harassment because it "was not directed at [the city employee] personally, but instead served the legitimate purpose of achieving lawful disclosure of public documents." Jensen argues that the use of machinery similarly "serves the legitimate, lawful purpose of conducting business at the BDZ property."

But the use of construction equipment is not the only allegation of harassment. Again, Perkins testified that employees were yelling and screaming "animal noise" at her when she checked on the livestock she keeps on the property, and that a BDZ employee urinated on her property. These allegations are substantial evidence of a "knowing and willful course of conduct directed at" her and serving "no legitimate or lawful purpose." RCW 7.105.010(37)(a).

Jensen next argues that Perkins did not present evidence of harassment by Jensen himself. He contends that the court abused its discretion because Jensen himself has "no relationship" with Perkins. In support, he claims that, as a co-owner of BDZ, he is rarely at the BDZ property in person, and that he can "only recall speaking with Petitioner in person on two occasions."

The court's order must be grounded in "'the facts of the relationship.'" Trummel, 156 Wn.2d at 668 (quoting Hough v. Stockbridge, 150 Wn.2d 234, 236, 76 P.3d 216 (2003)). But the court found that the parties are neighbors. This finding is supported by Jensen's declaration that he owns BDZ, which owns the property neighboring Perkins's residence. It is within the court's discretion to order a party not to harass their neighbors. See Hough, 150 Wn.2d at 235 (affirming an antiharassment protection order between neighbors).

More to the point, Jensen acknowledges that, per State v. Becklin, 163 Wn.2d 519, 528, 182 P.3d 944 (2008), "the definition of conduct amounting to harassment is very broad and could include the manipulation or direction of third parties to achieve the intended emotional distress." But Jensen argues that, unlike in Becklin, there is no evidence that Jensen directed any third party to harass Perkins. We disagree.

The commissioner found that Jensen was "instructing third parties" to harass Perkins. We review this finding of fact for substantial evidence. Sunnyside, 149 Wn.2d at 879. Perkins presented a statement that she gave the Snohomish County Sheriff's Office, in which she reported that after her husband confronted BDZ employees for using equipment at 6:30 a.m., an employee replied, "we are just doing what our boss/owner told us to do."

In response, Jensen argues that this statement is inadmissible because it is hearsay. But the rules of evidence need not be applied in protection order proceedings. Gourley v. Gourley, 158 Wn.2d 460, 467, 145 P.3d 1185 (2006) (citing ER 1101(c)(4)). Sufficient evidence to support a protection order "may contain hearsay or be wholly documentary." Blackmon v. Blackmon, 155 Wn. App. 715, 722, 230 P.3d 233 (2010). The court was within its discretion to consider the statement as evidence that Jensen directed employees to harass Perkins.

Moreover, even though the "boss" could possibly refer to Jensen's brother, who co-owns BDZ, the statement is "sufficient to persuade a rational fair-minded person" that the employees were following Jensen's instructions. Sunnyside, 149

Wn.2d at 879.[2]

Finally, Jensen argues that the court abused its discretion because the protection order is an improper resolution to the ongoing boundary dispute. We disagree.

Jensen relies on Buchheit v. Geiger, 192 Wn. App. 691, 698, 368 P.3d 509 (2016),[3] in which the court held that "[t]he 'speedy and inexpensive' procedure for obtaining a civil antiharassment order is not well suited for addressing the legal issues involved in" a property dispute in which there is a facially cognizable claim.

We hold that the protection order in this case is a separable issue from the boundary dispute. Perkins implies that the boundary dispute was the cause of harassment from BDZ, but she does not allege that BDZ harassed her simply by

---

[2] Relatedly, Jensen argues that the court erred because it granted the protection order based on the theory that he is vicariously liable for his employee's conduct. Vicarious liability allows plaintiffs to hold an employer liable for torts that an employee committed while performing "duties required by his [] employment contract" or while "engaged in the furtherance of the employer's interests." Evans v. Tacoma Sch. Dist. No. 10, 195 Wn. App. 25, 37, 380 P.3d 553 (2016). As the court below and we here do not rely on vicarious liability doctrine—instead assessing the finding that the harassment occurred at Jensen's direction—this argument fails.

[3] When the court reversed the protection order in Buchheit, it applied RCW 10.14.080(8), which stated that "[t]he court in granting an ex parte temporary antiharassment protection order or a civil antiharassment protection order, shall not prohibit the respondent from the use or enjoyment of real property to which the respondent has a cognizable claim[.]" 192 Wn. App. at 694. The legislature repealed this chapter effective July 1, 2022, as part of legislation that reorganized various civil protection order statutes into a new RCW chapter. See LAWS OF 2021, ch. 215, §§ 1, 170(15)-(93); see also chapter 7.105 RCW. Although RCW 7.105.050(1)(c) states that only superior courts, not district courts, have jurisdiction to enter an antiharassment order that would affect the "use or enjoyment of real property for which the respondent has a cognizable claim," the new chapter otherwise does not include a restriction on antiharassment orders related to disputed property claims. It follows that Buccheit may no longer be good law. But we need not resolve that question here.

crossing onto her property. And the order does not, as was the case in Buccheit, prevent Jensen from accessing disputed property that he has a cognizable claim to. 192 Wn. App. at 699. We, therefore, further hold that the court did not improperly resolve a boundary dispute with a protection order in this case. Jensen does not meet his burden of showing that the court abused its discretion. Knight, 75 Wn. App. at 729.

### III.    CONCLUSION

We affirm the trial court's order.

Díaz, J.

WE CONCUR:

Feldman, J.

Birk, J.